UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

PLUSFIVE HOLDINGS, L.P.,                                    No. 06-10307

                             Debtor(s).
_____/

ANDREA A. WIRUM, Trustee,

                             Plaintiff(s),

       v.                                                                          A.P. No. 07-1076

OWEN BIRD LAW CORPORATION,

                             Defendant(s).
_____/

Memorandum on Motion to Dismiss
_____

      The amended complaint in this adversary proceeding alleges that during the two years prior to the involuntary petition commencing its bankruptcy debtor Plusfive Holdings, L.P., transferred about $1.4 million to defendant Owen Bird Law Corporation for no consideration. The complaint alleges that defendant was more than a mere conduit even though the funds were taken into its trust account and has liability as an initial transferee pursuant to § 550(a)(1) of the Bankruptcy Code.

      Defendant is a Canadian law corporation. It responded to the original complaint by filing a motion to

1

dismiss pursuant to FRCP 12(b)(2) and (b)(6), coupled with a motion in the alternative for summary judgment. The amended complaint moots the Rule 12(b)(6) argument, leaving the Rule 12(b)(2) motion and the summary judgment motion before the court. In this memorandum, the court addresses the Rule 12(b)(2) motion only, and will decide the summary judgment motion separately.

Both plaintiff in her complaint and defendant in its brief wrongly argue that in order for the court to have personal jurisdiction defendant must have contacts California. However, the test in a bankruptcy case is whether the foreign defendant has the requisite minimum contacts with the United States at large. *In re Pintlar Corp.*, 133 F.3d 1141, 1144-46 (9th Cir. 1998); *In re Cruisephone, Inc.*, 278 B.R. 325, 331 (Bkrtcy.E.D.N.Y. 2002).

Lack of personal jurisdiction is a defense which can be waived by conduct. The defense is usually waived when the defendant invokes the judgment of the court on any question other than jurisdiction, such as seeking summary judgment. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982); *In re Cash Media Systems, Inc.,* 326 B.R. 655, 671 (Bkrtcy.S.D.Tex. 2005). However, for the reasons stated below the court has personal jurisdiction over defendant even if it has not waived the defense.

The minimum contacts analysis is used to determine whether the exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice. *Asahi Metal Indus. Co., Ltd., v. Superior Court of California*, 480 U.S. 102, 113 (1987). This analysis is subject to a three-part test: (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections[;] (2) [t]he claim must be one which arises out of or results from the defendant's forum-related activities[; and] (3) [e]xercise of jurisdiction must be reasonable. *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir.1995).

Defendant relies heavily on *Sher v. Johnson*, 911 F.2d 1357 (9th Cir. 1990), but the court finds that reliance misplaced. In that case, a California client brought a malpractice claim against a Florida law firm in connection with a Florida criminal case. While the court did find personal jurisdiction based on other factors, it held that "[o]ut-of-state legal representation does not establish purposeful availment of the privilege of

2

conducting activities in the forum state, where the law firm is solicited in its home state and takes no affirmative action to promote business within the forum state." 911 F.2d at 1363. In this case, defendant *consummated a transaction* with this country by accepting three large wire transfers, the last of which was very unusual and suspicious. The claim in this case arises directly from that activity.[1] There is therefore much more than the mere acceptance of an out-of-state client.

The court finds the more applicable case is *Ballard v. Savage*, 65 F.3d 1495 (9th Cir. 1995). In that case, the perpetrator of a Ponzi scheme transferred his "ill-gotten funds" to an Austrian bank. Reversing dismissal of the bank based on lack of personal jurisdiction, the court employed a "but for" test, holding that there was personal jurisdiction because but for the bank's participation the plaintiff would have no claims against it. 65 F.3d at 1500. See also *Gutierrez v. Givens*, 1 F.Supp.2d 1077, 1081 (S.D.Cal.,1998)[engaging in business transactions with California residents for the purpose of defrauding other California residents established a basis for jurisdiction over an out-of-state bank]. Similarly, in this case defendant was an alleged key participant and facilitator of three alleged fraudulent transfers. Accordingly, the first two requirements for exercise of personal jurisdiction are met.

Having found the first two prongs of the test for exercise of personal jurisdiction are present, the court must consider whether the exercise of jurisdiction is reasonable. A simple review of defendant's website shows that it is an international law firm which acts for many clients "located in Canada, the United States, Japan and England." It boasts being a member of InterLaw, "an international association of independent law firms in major world centres." Having purposely availed itself of U.S. business, it is entirely fair and reasonable that defendant be subject to U.S. jurisdiction.[2] Moreover, litigation in this country hardly

---

[1] The mere acceptance of a wire transfer for an ordinary purpose, such as a retainer, would not constitute an act in the U.S. However, where a wire transfer is fraudulent it is deemed to be of two parts: the initiation of the transfer and the completion of the transfer. *Roanoke Cement Co., LLC v. Chesapeake Products, Inc.,* 2007 WL 2071731 (E.D.Va.,2007). Thus, by accepting the wire transfers defendant completed and consummated a transaction with the U.S.

[2] If the website and InterLaw membership are considered solicitation of U.S. business, then those acts alone are sufficient to establish personal jurisdiction in the U.S. See *Decker Coal Co. v. Commonwealth*

3

seems to be a burden to defendant. Not only has it readily obtained U.S. counsel, but (as noted above) it has filed a detailed motion for summary judgment on the merits of the action. It is obviously important to a debtor in U.S. bankruptcy court that a U.S. bankruptcy court hear its avoidance actions. The court therefore finds that all three prongs of the test for exercise of personal jurisdiction have been met.

For the foregoing reasons, defendant's motion to dismiss for lack of personal jurisdiction will be denied. Counsel for plaintiff shall submit an appropriate form of order.

Dated: March 20, 2008

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

*Edison Co.*, 805 F.2d 834, 840 (9th Cir. 1986)["if the defendant directly solicits business in the forum state, the resulting transactions will probably constitute the deliberate transaction of business invoking the benefits of the forum state's laws."]

4