UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

PLUSFIVE HOLDINGS, L.P.,　　　　　　　　　　　　　　No. 06-10307

　　　　　　　　　　　　Debtor(s).
_____/

ANDREA A. WIRUM, Trustee,

　　　　　　　　　　　　Plaintiff(s),

　　　v.　　　　　　　　　　　　　　　　　　　　A.P. No. 07-1076

OWEN BIRD LAW CORPORATION,

　　　　　　　　　　　　Defendant(s).
_____/

Memorandum on Motion for Summary Judgment
_____

　　　Defendant Owen Bird Law Corporation is a Canadian law firm. By this adversary proceeding, Chapter 7 trustee Andrea Wirum seeks to recover about $1.4 million which she alleges was property of Chapter 7 debtor Plusfive Holdings, L.P., transferred into Owen Bird's trust account while Plusfive was insolvent. Wirum alleges that the transfers are avoidable as fraudulent, and that Owen Bird is liable as an initial transferee pursuant to § 550(a)(1) of the Bankruptcy Code. Own Bird has moved for summary judgment.

1

Dr. Kathleen Jones is a psychologist. Shortly after the death of her husband, she began to counsel the family of Richard and Sharie Cutshall in her professional capacity. While counseling the Cutshalls, she became heavily involved with them financially. Jones filed the involuntary petition which put Plusfive, a limited partnership owned and controlled by the Cutshalls, into bankruptcy. This background information, known to the court due to the involuntary proceedings, is necessary to understand the issues in this adversary proceeding.

As part of their financial dealings, Jones apparently agreed to fund the purchase of real property in Canada to be held (again apparently) in the name of Plusfive. To this end, she wire transferred $547,000.00 to Owen Bird's trust account. Owen Bird acted as escrow holder for the acquisition of the property. Title to the property was taken in the name of another entity, a new corporation which Owen Bird set up for the Cutshalls. These are part of the funds at issue in this adversary proceeding.

The wording of the amended complaint finesses the ownership of the funds. It alleges that the funds "were clearly identified . . . as belonging to the Debtor . . . ."[paragraph 12] and that the debtor "was intended to have ownership" of them.[paragraph 14]. It then alleges vaguely that Owen Bird "received a transfer of the Deposits from the Debtor . . . ."[paragraph 17]. While these allegations may be enough to defeat a motion to dismiss, Owen Bird's well-taken motion for summary judgment clearly establishes they are intentionally ambiguous or just plain false. The declaration of Alan Frydenlund clearly establishes that the funds used to purchase the real property came from Dr. Jones, not Plusfive.

A trustee in bankruptcy may recover as a fraudulent transfer only property in which the debtor had an interest, pursuant to § 548(a)(1) of the Bankruptcy Code. Plusfive had no interest in the funds until they were transferred from Dr. Jones to Owen Bird. They therefore cannot be the subject of an avoidance action. It may be that Owen Bird is liable to the debtor under some sort of tort or contract theory if it was supposed to use the funds for Plusfive's benefit and failed to do so,[1] and it may be that its disbursement of those funds, if

---

[1] This observation is not an invitation to amend the complaint. If there is liability under these theories, it is pursuant to Canadian law and the court will abstain from deciding them. If this case is dismissed, it will be without prejudice to assertion of such claims in Canadian court.

2

improper, resulted in a fraudulent transfer to the entity which took title to the real property. However, Owen Bird cannot be an "initial transferee" because the transfer to it was not of the debtor's funds and did not diminish the debtor's estate. If there was a fraudulent transfer, it was when the funds went out of Owen Bird's trust account, not into it.

The court has abundant and undisputed evidence that the $547,000.00 used to purchase the Canadian real property came from Dr. Jones and not the debtor, including the fact that Dr. Jones went to Canada and met with Owen Bird attorneys before it disbursed her money. However, the source of the $857,000.00 transfer is not so clear and the purpose of the transfer is also not clear and may be illegitimate. The court will accordingly defer a decision as to this transfer until it has more information. However, the court will partially grant Owen Bird's motion for summary judgment by determining that it is without substantial controversy that Owen Bird is liable for no more than $857,000.00. Wirum's countermotion for summary judgment will be denied because Wirum has not established that any of the funds in question were property of the debtor's estate when they were transferred to Owen Bird.

Counsel for Owen Bird shall submit an appropriate form of order.

Dated: March 25, 2008

Alan Jaroslovsky
U.S. Bankruptcy Judge