UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

PLUSFIVE HOLDINGS, L.P.,　　　　　　　　　　　　　No. 06-10307

　　　　　　　　　Debtor(s).
_____/

ANDREA A. WIRUM, Trustee,

　　　　　　　　　Plaintiff(s),

　　　　v.　　　　　　　　　　　　　　　　　　　A.P. No. 07-1076

OWEN BIRD LAW CORPORATION,

　　　　　　　　　Defendant(s).
_____/

Memorandum on Motion for Summary Judgment
_____

　　　　Defendant Owen Bird Law Corporation is a Canadian law firm. By this adversary proceeding, Chapter 7 trustee Andrea Wirum seeks to recover about $1.4 million which she alleges was property of Chapter 7 debtor Plusfive Holdings, L.P., transferred into Owen Bird's trust account while Plusfive was insolvent. Wirum alleges that the transfers are avoidable as fraudulent, and that Owen Bird is liable as an initial transferee pursuant to § 550(a)(1) of the Bankruptcy Code.

　　　　This is Owen Bird's second motion for summary judgment. After considering its first motion, the court granted summary judgment as to $547,000.00 because these funds were not property of the debtor. The court did not grant summary judgment as to the remaining $857,000.00 because "the source of the

1

$857,000.00 transfer is not so clear and the purpose of the transfer is also not clear and may be illegitimate." This summary judgment motion addresses the $857,000.00 transfer.

Before addressing the motion, some background is necessary.

Dr. Kathleen Jones is a psychologist. Shortly after the death of her husband, she began to counsel the family of Richard and Sharie Cutshall in her professional capacity. While counseling the Cutshalls, she became heavily involved with them financially. Jones filed the involuntary petition which put Plusfive, a limited partnership owned and controlled by the Cutshalls, into bankruptcy. This background information, known to the court due to the involuntary proceedings, is necessary to understand the issues in this adversary proceeding.

As part of their financial dealings, Jones apparently agreed to fund the purchase of real property in Canada to be held (again apparently) in the name of Plusfive. To this end, she wire transferred $547,000.00 to Owen Bird's trust account. Owen Bird acted as escrow holder for the acquisition of the property. Title to the property was taken in the name of another entity, a new corporation which Owen Bird set up for the Cutshalls. The court granted summary judgment as to these transfers because they did not come from the debtor. The court noted that Owen Bird might have some liability, but it would be under Canadian tort or contract law and should be heard in a Canadian Court; the complaint in this adversary proceeding seeks only recover of a fraudulent conveyance under § 548 of the U.S. Bankruptcy Code.

The court found in making its first summary judgment ruling that the $547,000.00 sought to be recovered were the funds of Dr. Jones, not the debtor. The court also noted that the purpose of the transfers was to purchase real property and Owen Bird acted as escrow holder, which is a legitimate function of a law firm in Canada. The court did not grant summary judgment as to the remaining $857,000.00 because the court could not discern who sent the funds and whether Owen Bird held them for a legitimate purpose. If there is a triable issue of fact as to both these issues, then the motion must be denied.

The court begins its analysis by noting that it appears the parties have gone down at least one wrong path. Wirum seems to be trying to establish that Owen Bird became the debtor's attorney when the funds were transferred to it, and breached its fiduciary duty as its attorney when it disbursed the funds pursuant to

2

the Cutshall's directions. Owen Bird argues that it never was the debtor's attorney. However, the complaint in this adversary proceeding does not state a claim for breach of fiduciary duty. This adversary proceeding involves only an allegedly fraudulent transfer.

Under § 550(a)(1) of the Bankruptcy Code, if there has been a fraudulent transfer the debtor's estate may recover it from the initial transferee as well as the person who received the benefit of the transfer. An entity is generally considered a "mere conduit" and does not have liability under § 550(a)(1) if it has no legal title to the funds and no ability to use them at it sees fit. *In re Comnet, Inc.*, 463 F.3d 1064, 1071 (9th Cir. 2006). For this reason, a law firm is usually not considered to be an initial transferee where funds went through its trust account. See, e.g., *In re Moon*, 385 B.R. 541 (Bankr. S.D. N.Y. 2008).

However, the "mere conduit" rule is a court-made exception to the plain wording of a statute. As such, it is only applicable where the initial recipient acted in good faith with respect to relevant transaction. *In re Harbour*, 845 F.2d 1254, 1258 (4th Cir. 1988). A person loses the claim to mere conduit status by ignoring facts which puts him on notice that he should investigate facially suspect transactions. *Id.*

In this case, it appears that the $857,000.00 was in fact property of the debtor. Moreover, the conduct of Owen Bird is suspect and subject to differing interpretations. While it may be that Owen Bird is entirely innocent and entitled to be considered a mere conduit, it is also possible that the Cutshalls used Owen Bird to defraud Dr. Jones and that Owen Bird wilfully failed to ask key questions before disbursing the funds according to the Cutshall's instructions.[1]

To summarize, a question of fact exists as to whether Owen Bird acted in good faith in its handling of the $857,000.00 transfer. If it acted in good faith, it is entitled to be treated as a mere conduit and has no liability under § 550(a)(1) of the Bankruptcy Code. However, if it acted in bad faith (by either knowingly

---

[1] Owen Bird played a legitimate and customary role for a law firm when it received and disbursed the $547,000.00 as escrow holder for the purchase and sale of property. It has conclusively shown no such customary role in its handling of the $857,000.00, leading to the inference that it may have acted in bad faith. For summary judgment purposes, inferences must be drawn in favor of the nonmoving party. Brunet and Redish, **Summary Judgment: Federal Law and Practice** (3rd Ed.), § 6:5.

Case: 07-01076    Doc# 69    Filed: 12/01/08    Entered: 12/01/08 15:41:28    Page 3 of 4

participating with the Cutshalls in a scheme to defraud Dr. Jones or failing to ask key questions before following the Cutshalls' instructions) then it is not entitled to be treated as a mere conduit and faces liability as an initial transferee. These are factual issues which must be resolved at trial. Accordingly, Owen Bird's motion for summary judgment must be denied.

Counsel for Wirum shall submit an appropriate form of order.

Dated: December 1, 2008

Alan Jaroslovsky
U.S. Bankruptcy Judge

4