UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

PLUSFIVE HOLDINGS, L.P.,                                         No. 06-10307

                Debtor(s).
_____/

ANDREA A. WIRUM, Trustee,

                Plaintiff(s),

    v.                                                                                  A.P. No. 07-1076

OWEN BIRD LAW CORPORATION,

                Defendant(s).
_____/

Memorandum on Motion for Reconsideration
_____

      In this action to recover allegedly fraudulent transfers, the court declined to grant summary judgment in favor of defendant Owen Bird Law Corporation, a Canadian law firm which received wire transfers of estate funds, on the grounds that the court had no evidence of a legitimate reason for the transfers. The court held that only where a law firm receives a client's funds in trust for a legitimate purpose is it considered to be a "mere conduit" with no liability under § 550(a)(1) of the Bankruptcy Code.

      The court anticipated that Owen Bird would follow up on that ruling with a new motion setting forth the legitimate purpose for the use of its trust account. Instead, Owen Bird has asked the court to reconsider. It acknowledges that in some circuits a law firm is required to have acted honestly in order to avoid §

1

550(a)(1) liability, but that in the Ninth Circuit a law firm is insulated from such liability even if it was engaging in fraudulent or even criminal conduct.

While the Ninth Circuit has approached the issue differently than the Fourth Circuit in *In re Harbour*, 845 F.2d 1254, 1258 (4th Cir. 1988), it has not expressly disapproved that case. In such situations, the proper role of a federal trial court is to attempt to harmonize circuit decisions, leaving declarations of a split of among the circuits to the circuits themselves. See *In re Berg*, 188 B.R. 615, 620 (9th Cir. BAP 1995).

Owen Bird has cited no case where a transferee who has acted fraudulently or illegally in the receipt of a debtor's funds has nonetheless been held to be a mere conduit. The primary case relied upon by Owen Bird, *In re Comnet, Inc.*, 463 F.3d 1064 (9th Cir. 2006), is not necessarily inconsistent with *Harbour* in any significant way.[1] In that case, the Circuit affirmed the Appellate Panel's reversal of a bankruptcy court decision giving "mere conduit" status to a transferee. The court reiterated that "mere conduit" status is restricted narrowly to those entities who had legal authority over the money and the right to use the money however it wished, as opposed to the more expansive "control" test. 463 F.3d at 1070.

When a law firm uses its trust account lawfully and for a legitimate purpose, it has no legal authority over the funds in the account and no right to use them as it wishes. Accordingly, it is a "mere conduit" as to such funds transferred to it. However, when a law firm engages in a conspiracy with a client or otherwise allows a client to improperly transfer funds through its trust account, then the normal rules governing attorney trust funds no longer apply. The lawyer has no greater rights than any lay person asked to accept ill-gotten gains on behalf of a wrongdoer. The lawyer has the discretion to turn the funds over to the perpetrator, return them to the rightful owner, or use them to his or her own benefit, since they did not come into the trust account for any lawful purpose.

Moreover, laws or regulations restrict how an entity can use funds in its custody do not automatically confer "mere conduit" status on the transferee. *Incomnet* at 1075. If the debtor's funds came into Owen

---

[1]There is an inconsistency in approach, in that *Harbour* treats the "mere conduit" exception as an equitable exception to § 550(a)(1) whereas *Incomnet* disagrees. See Incomnet, 463 F.3d at 1073n8. However, this disagreement only effects the burden of proof, not the underlying legal principles.

2

Bird's trust account for no legitimate purpose, then Owen Bird had discretion to return them to the debtor rather than enable the unlawful plans of its client. This discretion to decide when, if and how it disbursed the funds is fatal to its claim to "mere conduit' status. *Incomnet* at 1076.

For the foregoing reasons, Owen Bird's motion for reconsideration will be denied. Counsel for Wirum shall submit an appropriate form of order.

Dated: January 12, 2009

  Alan Jaroslovsky
  U.S. Bankruptcy Judge